IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DARREN L. CEPHAS          :    CIVIL ACTION
                          :
    v.                    :
                          :
WARDEN FRANK GREEN, et al. :    NO. 12-5647

<u>MEMORANDUM</u>

GOLDBERG, J.                                    JANUARY 23rd, 2013

    Currently before the Court is plaintiff Darren L. Cephas's pro se amended complaint, apparently brought pursuant to 42 U.S.C. § 1983, against three prison officials. For the following reasons, the Court will dismiss the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.    **FACTS AND PROCEDURAL HISTORY**

    In his initial complaint, plaintiff asserted a First Amendment claim based on his allegation that the mail office at the Delaware County Prison, where he was previously incarcerated, obscured postmark dates on his legal mail when marking the exterior of the envelope.[1] Plaintiff claimed that, as a result of the markings, he was unable to determine when the mail entered the prison and that he was therefore "rushed to finish legal work sooner." (Compl. ¶ V.) In an October 25, 2012 order, the Court dismissed the complaint for failure to state a claim because plaintiff did not allege that he suffered an actual injury. Plaintiff also failed to clearly describe how any of the named

---

[1] It appears that an official from the local post office requested that the prison mark the stamps on the envelope because inmates were attempting to reuse stamps. (<u>See</u> Compl. ¶ IV.b.)

1

defendants were involved in the violation of his rights. He was given an opportunity to file an amended complaint, which he did.

In his amended complaint, plaintiff alleges that, by obscuring the postmark date on the exterior of the envelope, the defendants tampered with his mail and/or committed mail fraud. He alleges that he was prejudiced by the practice because (1) he could not determine when the mail arrived at the prison, which made it difficult to prove when he received the mail and/or whether there was a delay in receiving the mail; (2) the markings interfered with his ability to "seek expert or professional help or advice"; and (3) the marking of his mail caused him mental stress. (Am. Compl. ¶¶ 3-5.) Plaintiff further notes that he felt taunted because, when the postmark date was visible on the exterior of the envelope, prison officials would make a note on the envelope to the effect of "here's your date." (Id. ¶ 5.) Additionally, plaintiff alleges that the named defendants were aware that his mail was being marked as a result of his grievances and letters, but failed to take action to stop the practice.

## II. STANDARD OF REVIEW

As plaintiff has been granted leave to proceed in forma pauperis, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the amended complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune.

Whether an amended complaint fails to state a claim under §

1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the pleading contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). As plaintiff is proceeding pro se, the Court must construe his allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011). However, even a pro se plaintiff must recite more than "labels and conclusions" to state a claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Ray v. First Nat'l Bank of Omaha, 413 F. App'x 427, 429-30 (3d Cir. 2011) (per curiam).

### III. DISCUSSION

Prisoners retain a right to access the courts to pursue direct or collateral challenges to their sentences and to challenge their conditions of confinement. See Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008). To succeed on a claim that he was denied access to the courts, a prisoner must establish an actual injury, such as the "loss or rejection of a legal claim." Oliver v. Fauver, 118 F.3d 175, 177 (3d Cir. 1997). The lost claim must be nonfrivolous and arguable, and "must be described in the complaint." Christopher v. Harbury, 536 U.S. 403, 415 (2002).

Nothing in the amended complaint suggests that plaintiff lost an underlying legal claim, let alone a nonfrivolous claim,

3

as a result of the defendants' behavior. In other words, despite his contention that the defendants' actions make it difficult to prove when he received his legal mail, he does not allege that this difficulty actually affected an arguable past or potential claim. See Watson v. Sec'y Pa. Dep't of Corr., 436 F. App'x 131, 135-36 (3d Cir. 2011) (per curiam) (plaintiff failed to state a claim based on allegations that "defendants tampered with his legal mail and interfered with his access to the courts" when he failed to describe the lost legal claim in his complaint). The amended complaint also fails to allege facts to plausibly explain how the defendants' marking of plaintiff's mail interfered with his ability to "seek expert or professional help or advice."[2] (Am. Compl. ¶ 3.)

Furthermore, the mere fact that the defendants are marking the *exterior* of the envelope does not establish a violation of plaintiff's constitutional rights.[3] See Patin v. LeBlanc, Civ. A. No. 11-3071, 2012 WL 3109402, at *20 (E.D. La. May 18, 2012) ("[Plaintiff] has failed to point to any identifiable constitutional violation or protected right pertaining to the exterior of the envelope of mail received by a prisoner."), report and recommendation adopted by, 2012 WL 3109398 (E.D. La. July 31, 2012); cf. Nachtigall v. Bd. of Charities & Corr., 590

---

[2] Notably, plaintiff has not alleged that prison officials opened his confidential legal mail. See Jones v. Brown, 461 F.3d 353, 359 (3d Cir. 2006).

[3] Nor do the defendants' actions constitute mail fraud. See 18 U.S.C. § 1341.

4

F. Supp. 1223, 1224 (D.S.D. 1984) (stamping of mail by prison did not violate free speech, due process, or any privacy right). Finally, plaintiff's allegation that he felt taunted by the markings on the envelopes also fails to state a constitutional claim. See, e.g., Dunbar v. Barone, No. 12-1337, 2012 WL 2775024, at *1 (3d Cir. July 10, 2012) (per curiam) ("[T]hreats or taunts, without more, are not sufficient to constitute a violation of the Eighth Amendment.").

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). As plaintiff has already been given an opportunity to amend, and as the Court cannot discern a basis for a viable claim in light of plaintiff's amendment, the Court concludes that further attempts at amendment would be futile. An appropriate order follows.